# Richmond

## Metropolitan Life Insurance Company v. Wladyslave Krupel.

January 16, 1936.

Present, All the Justices.

The opinion states the case.

*Harrison, Long & Williams,* for the plaintiff in error.

*W. H. Jordan* and *R. C. Wood,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The plaintiff in the trial court, Krupel, was an employee of the Lynchburg Foundry Company for a number of years. Such employment terminated on April 1, 1932. While engaged in such employment he was covered by a group policy of life insurance issued by the Metropolitan Life Insurance Co., the defendant in the trial court. The amount of the policy to which the plaintiff would have been entitled if he had brought himself within the provisions of the policy is $2,000, this sum to be paid in monthly installments, in lieu of death benefits, upon due proof furnished the company, under the clause:

"That any employee, while insured here under and prior to his sixtieth birthday, has become totally and permanently disabled, as a result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for wage or profit."

The plaintiff's claim, on which he brought suit, is based on the contention that he became permanently and totally disabled, within the terms of the policy, while working for the Foundry Company as a "pipe grinder," which required the smoothing of iron castings with an emery wheel, by inhaling particles of dust, which produced a condition known as silicosis, which impaired the functions of his lungs.

The jury rendered a verdict for the plaintiff in the sum of $397.25, which was sustained by the court.

The defendant brings three grounds of error and the plaintiff alleges cross error, based upon an instruction granted by the court on the question of damages, which denied the plaintiff's right to recover the full amount of the policy, which was sued for.

In our view of the case it is only necessary to comment upon one of the defenses for the determination of that disposes of the case.

The defendant moved the court to set aside the verdict and enter final judgment for it.

It was proven that the plaintiff, after the termination of his employment by the Foundry Company, which was in March, 1932, became an employee of the city of Lynchburg. He worked for the city from June 27, 1932, to October 12, 1932, a period of 107 days, for which he was paid 10c an hour for a part of the time and 25c an hour for the residue. The difference in his wages was on account of the recognition by his employer of his worth and character as a worker. In this employment he worked almost continuously, losing comparatively little time. He did such work as shoveling rock and wheelbarrowing rock to a concrete mixer and unloading gravel, sand and cement. The foreman of the work being done by the city, in describing the character of Krupel as a worker, said that, "he was as good as the rest, according to his age." The work he did was not inconsequential or trivial. It was such as any other person would be required to do who offered himself for such service.

It is true that while so engaged he became sick on two or more occasions and that some of the employees complained of having to use the same drinking cup because Krupel coughed and expectorated.

The effect of his having engaged in this work upon his right to recover under the policy was sought to be parried, by his counsel, by urging the fact that he was on what was known as the "relief list" when he became

employed by the city. This fact and the incidents of his occasional sickness are, in our opinion, ineffectual to sustain the purpose for which they are urged.

The burden is on the plaintiff to bring himself within the terms of the policy. He was able to and did perform hard physical labor for wage and profit, for a sustained period of time.

Neither the plaintiff nor any witness attempts to make any explanation of his work for the city or offer any justification for it which would impair or nullify its natural effect to defeat his recovery.

The case of *Atlantic Life Insurance Co.* v. *Fugate,* 161 Va. 27, 170 S. E. 573, 576, is very like the present case in principle. It is there said:

"The burden was on the plaintiff to establish by a preponderance of the evidence that before the lapse of the policy he became totally and permanently disabled and was by such disablement prevented for life from engaging in any gainful occupation, and that from the onset of this disability until the time of his death he was physically and mentally incapable of giving notice or furnishing proof satisfactory to the company. This burden the plaintiff has failed to bear."

We think we need not say more.

The judgment is reversed, and final judgment is entered for the plaintiff in error.

*Reversed.*